# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| GEOFFREY ALLEN REED, <br><br> Plaintiff, <br><br> vs. <br><br> CCA/CROSSROADS CORRECTIONAL CENTER, <br><br> Defendants. | Cause No. CV 12-00084-GF-SEH-RKS <br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Plaintiff Geoffrey Reed has lodged a proposed civil rights Complaint. C.D. 3. The Complaint should be dismissed because Mr. Reed specifically alleges he failed to exhaust his administrative remedies.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. §

1

1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3). This case was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

### III. STATEMENT OF CASE

#### A. Parties

Mr. Reed is a state prisoner incarcerated at Crossroads Correctional Facility in Shelby, Montana. He previously filed a motion to proceed in forma pauperis, C.D. 1, which was granted. Mr. Reed names CCA/Crossroads Correctional Center, Shelby, MT (59474) as the Defendant on the first page of his Complaint. C.D. 2. In the Defendants section of the Complaint, Mr. Reed lists a number of individuals but has indicated on the first page of his Complaint that this is a lawsuit against a governmental entity, not the individuals listed. Regardless of whom Mr. Reed intends to sue, the case should be dismissed for failure to exhaust administrative remedies.

#### B. Allegations

Mr. Reed alleges he has been hindered in his ability to seek help, send mail, and call his public defender which has inhibited his ability to complete and send appeals for street time and post-conviction relief. C.D. 2, pp. 6-7.

## IV. 28 U.S.C. §§ 1915, 1915A REVIEW

### A. Standard

Mr. Reed is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require dismissal of a pro se prisoner complaint before it is served upon defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

The statute does not deprive the district court of its discretion to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court declines to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Here amendment would be futile.

**B. Analysis**

The Prison Litigation Reform Act ("PLRA") contains an exhaustion requirement which states: [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion of administrative remedies is not a pleading requirement. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003). It is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their

4

complaints.  Jones v. Bock, 549 U.S. 199, 216 (2007).  However, a complaint must be dismissed when failure to exhaust appears on the face of the pleading.  Jones, 549 U.S. at 215.  "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."  Wyatt, 315 F.3d at 1120.

Mr. Reed alleges he did not use the grievance procedure at Crossroads Correctional Facility because (1) this is a lawsuit; and (2) the grievance system at Crossroads does not remedy a high enough percentage of legitimately submitted complaints.  C.D. 2, p. 4.

The Supreme Court has cautioned courts against reading futility or other exceptions into the PLRA exhaustion requirement.  Booth, 532 U.S. at 741 n. 6.  Even when the prisoner seeks relief not available in grievance proceedings, exhaustion is a prerequisite to suit.  Booth, 532 U.S. at 741.  The fact that the administrative procedure cannot result in the particular form of relief requested by a prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

Mr. Reed conceded he did not file a grievance regarding his claims and no exception applies in these circumstances. Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

## V. CONCLUSION

Mr. Reed failed to exhaust his administrative remedies. This is not a defect which could be cured by the allegation of additional facts. Accordingly, the Complaint should be dismissed without prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

A court can impose a strike even where a case is dismissed without prejudice, including where an inmate has failed to exhaust his administrative remedies. See O'Neal v. Price, 531 F.3d 1146, 1155–56 (9th Cir. 2008) (citing Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) ("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.").

Here the Court does not reach the merits of Mr. Reed's claims and is recommending dismissal on procedural grounds alone. However, the imposition of a strike is appropriate in this case due to the frivolous circumstances surrounding Mr. Reed's filing of this action. Although the Court did not recommend a strike be issued in Mr. Reed's first case (Civil Action No. 12cv53-GF-SEH-RKS), this case

demonstrates that his failure to exhaust administrative remedies is not an innocent misunderstanding of the exhaustion requirement but rather a deliberate and defiant refusal to grieve his disputes. This makes his filing of cases without exhausting those remedies frivolous. Therefore, this dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provides:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes

7

of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

It appears from the face of the Complaint that Mr. Reed failed to exhaust his administrative remedies. No reasonable person could suppose an appeal would have merit. Therefore, it will be recommended that the Court certify that any appeal of this matter would not be taken in good faith.

### C. Address Change

At all times during the pendency of this action, Mr. Reed SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Reed's Complaint should be dismissed without prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Reed's deliberate failure to exhaust his administrative remedies makes this action frivolous.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Reed may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Reed files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Reed from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of October, 2012.

                                            /s/ Keith Strong
                                            Keith Strong
                                            United States Magistrate Judge